PAUL F. KIPPENBERGER *vs.* BOARD OF REGISTRATION IN VETERINARY MEDICINE. April 23, 2007. *Veterinarian. Board of Registration in Veterinary Medicine. Due Process of Law,* Administrative hearing, Adjudicatory proceeding. *Administrative Law,* Agency, Proceedings before agency, Substantial evidence. *Evidence,* Administrative proceeding.

The petitioner, Paul F. Kippenberger, appeals from a judgment of a single justice of this court affirming the Board of Registration in Veterinary Medicine's (board's) revocation of Kippenberger's license to practice veterinary medicine. We affirm.

*Background.* On July 16, 2003, the board issued an order to show cause, as amended by subsequent orders to show cause, against Kippenberger, directing him to appear and show cause why his license to practice veterinary medicine should not be suspended or revoked for failing to practice in accordance with Massachusetts law. Kippenberger answered each of the show cause orders and then, following issuance of the last amended order, filed a motion to dismiss the proceedings on the basis that the board had violated his right to due process by allegedly holding an ex parte discussion with its executive director regarding possible settlement terms. An administrative hearings officer of the division of professional licensure held a hearing on the show cause orders over the course of several days in August and September, 2004. The hearings officer issued a tentative decision on February 23, 2005, finding, among other things, that Kippenberger had failed properly to care for, treat, or diagnose five dogs and that his treatment of the dogs failed to meet acceptable standards of veterinary care. The hearings officer concluded that Kippenberger should be subject to disciplinary action by the board. The board then issued a final decision on April 14, 2005, adopting the hearings officer's tentative decision. The board revoked Kippenberger's license but provided that Kippenberger might seek to have his license reinstated in four years. Kippenberger sought judicial review of the board's decision by filing a complaint in the Superior Court. The matter was transferred here and heard by a single justice, as an appeal pursuant to G. L. c. 112, § 64. The single justice affirmed the board's decision.

*Discussion.* "Under G. L. c. 112, § 64, a person whose license to practice medicine has been revoked may petition the court to 'enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided' in G. L. c. 30A, § 14 (7). *Fisch* v. *Board of Registration in Med.,* 437 Mass. 128, 131 (2002). The court may modify or set aside the board's final decision only if the petitioner demonstrates that the decision was legally erroneous, procedurally defective, unsupported by substantial evidence, arbitrary or capricious, or contained one or more of three other enumerated defects not at issue here. *Id.* The court reviews the decision of the board directly, despite this matter being brought as an appeal of a decision of the single justice. *Cherubino* v. *Board of Registration of Chiropractors,* 403 Mass. 350, 352 n.4 (1988)." *Weinberg* v. *Board of Registration in Med.,* 443 Mass. 679, 685 (2005).

Kippenberger first argues that the board's decision was procedurally defective because the board held an ex parte hearing with its executive director where it voted to recommend a settlement of three years' suspension to be followed by three years' probation. The board, however, like other administrative agencies, has both an investigative and an adjudicatory function, a dual role that both this court and the United States Supreme Court have determined does not violate due process. *Withrow* v. *Larkin*, 421 U.S. 35, 58 (1975). *Craven* v. *State Ethics Comm'n*, 390 Mass. 191, 198-199 (1983). *Raymond* v. *Board of Registration in Med.*, 387 Mass. 708, 717 (1982). Although Kippenberger does not appear to challenge, in general, the capacity of the board to act in a dual role, he asserts that in his case the board went beyond what is permissible by engaging in an ex parte hearing and predetermining Kippenberger's case. The board met with its executive director to determine whether to refer Kippenberger's case to its legal unit for prosecution. Nothing in the record supports Kippenberger's characterization of this meeting as an "exparte hearing." A board authorized to investigate and adjudicate complaints must be able to meet with its director to make decisions concerning whether to prosecute a particular complaint. Furthermore, that the board completed a standardized legal unit referral form that includes a suggested consent agreement term does not indicate that Kippenberger's case was predetermined. It merely reflects what the board would consider to settle the case. The board's practice of suggesting potential settlement terms does not fall outside of what is tolerable in terms of the board's dual role. Cf. *D'Amour* v. *Board of Registration in Dentistry*, 409 Mass. 572, 580 (1991) (board's chairman's soliciting participation of expert witness to testify at licensee's suspension hearing did not violate due process). As we noted in the *Raymond* case, "special circumstances in a particular case may demonstrate an unacceptable risk of unfairness." *Raymond* v. *Board of Registration in Med.*, supra, citing *Withrow* v. *Larkin*, supra. This case does not present such special circumstances.

Kippenberger also argues that the board's decision was not based on substantial evidence. "In assessing the sufficiency of the evidence underlying the board's decision, we apply the 'substantial evidence' standard contained in G. L. c. 30A, § 14 (7) (1984 ed.). G. L. c. 112, § 64 (1984 ed.). 'Substantial evidence' is defined in G. L. c. 30A, § 1 (6) (1984 ed.), as 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Fitzgerald* v. *Board of Registration in Veterinary Med.*, 399 Mass. 901, 905-906 (1987). Our review under the substantial evidence standard is limited. " 'While we must consider the entire record, and must take into account whatever in the record detracts from the weight of the agency's opinion . . . as long as there is substantial evidence to support the findings of the agency, we will not substitute our views as to the facts' (citations omitted)." *Id.* at 906, quoting *Arthurs* v. *Board of Registration in Med.*, 383 Mass. 299, 304 (1981).

Substantial evidence supports the board's decision that Kippenberger's treatment of each of the dogs failed to meet the acceptable standard of veterinary care. Kippenberger's treatment ranged from performing unnecessary surgery to misdiagnoses to neglect. Kippenberger's assertions in his defense are either unsupported by the record or insubstantial. Even if, for example, the board incorrectly stated that Kippenberger had failed to offer any defense of his care for one of the dogs, substantial evidence still supports the final assessment that Kippenberger's care of that dog was substandard.

Furthermore, we find no merit in Kippenberger's argument that the board's decision should be reversed because the "construction and composition" of the decision makes it "virtually impossible to read."

*Judgment affirmed.*

*Chester Darling* for the plaintiff.

*Amy Spector*, Assistant Attorney General (*Katherine F. Mullally* with her) for the defendant.